**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SHIRLEY POLK DAVIS,** § | | |
|            Plaintiff, § | | |
| § | | |
| v. § | 3:09-CV-1426-M | |
| § | | |
| **TEXAS VETERANS LAND BOARD,** § | | |
|            Defendant. § | Referred to U.S. Magistrate Judge for Pretrial management | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the Court in implementation thereof, this case has been referred to the United States Magistrate Judge for pretrial management. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a fee paid, *pro se* civil action.[1]

Parties: Plaintiff Shirley Polk Davis resides in Dallas, Texas. Defendant is the Texas Veterans Land Board (TVLB). The court did not issue process in this case, pending preliminary screening. On November 16, 2009, the magistrate judge issued a third supplemental questionnaire to Davis, who filed her answers thereto on December 23, 2009.

Statement of Case: Plaintiff alleges the TVLB negligently failed to provide life insurance coverage on her home loan because at the time her husband applied for the loan the TVLB erroneously concluded that he was over 70 years of age. She seeks monetary and

---

[1] Plaintiff's bankruptcy petition was dismissed for failure to make plan payments on December 4, 2009. *See* No. 08-33524.

injunctive relief.

Findings and Conclusions:  Screening of this fee-paid complaint is limited to determining whether the court may exercise subject matter jurisdiction over the case.  Subject matter jurisdiction is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action.  *Moody v. Empire Life Ins. Co.*, 849 F.2d 902, 904 (5th Cir. 1988).  *See also Gaar v. Quirk,* 86 F.3d 451, 453 (5th Cir. 1996) (courts have the duty to raise the issue of jurisdiction *sua sponte,* even if the parties have not raised the issue themselves); *Giannakos v. M/V Bravo Trader,* 762 F.2d 1295, 1297 (5th Cir. 1985) (same); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The District Court should dismiss this case *sua sponte* for lack of subject matter.  The complaint fails to allege a federal question arising under the Constitution or federal law.  *See* 28 U.S.C. § 1331.  Plaintiff complains of state law negligence claims and unfair discrimination practices under the Texas Insurance Code.  (*See* Answer to Question 2 of the Third Questionnaire).  In support of the latter, she alleges defendant discriminated against her husband on the basis of his age at the time he applied for a TVLB loan.  (*Id.*).

Absent a federal question, complete diversity of citizenship between adverse parties and at least $75,000 in controversy are required to establish subject matter jurisdiction.  *See* 28 U.S.C. § 1332(a).  Plaintiff cannot rely on diversity of jurisdiction.  It is clear from the face of the complaint that Plaintiff is a Texas resident and the TVLB is Texas governmental entity.  (*See* Complaint at 1).

Since the complaint does not present a sufficient basis for federal question or diversity

2

jurisdiction, the court cannot exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").[2]

RECOMMENDATION:

For the foregoing reasons, it is recommended that Plaintiff's complaint be DISMISSED *sua sponte* for want of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Signed this 5th day of January, 2010.

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE


NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

[2] Assuming jurisdiction, it is unlikely that Plaintiff will be able to overcome the doctrine of governmental or sovereign immunity, which provides that a State and its entities may not be sued without its consent.